

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHADI AZZAM, | § | No. 08-17-00137-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court No. 1 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20160C01451) |
| | § | |

## **O P I N I O N**

A jury convicted Chadi Azzam of assault causing bodily injury to a family member. Azzam appeals his conviction in a single issue, arguing that the evidence is legally insufficient to support the conviction. We affirm.

## BACKGROUND

Safaa Hajir, Azzam's wife, testified to the following at trial: on January 10, 2016, Azzam was driving with Hajir and their two children in El Paso, Texas to do some shopping. Azzam and Hajir began to get into an argument because Azzam had not been working for approximately ten months. At some point during the argument, Azzam told Hajir to stop talking about the issue or he would hit her. Azzam then pulled over into a parking lot, exited and came around to the other side of the vehicle, then struck Hajir with his hand. Azzam then got back into the car and began

driving towards their home, but then pulled over a second time into another parking lot, where he then got out of the vehicle and pulled Hajir out, threw her to the ground, and started kicking and hitting her on her hand and legs, causing scratches on her face and hand and a bruise on her shoulder. Hajir felt pain because of her injuries. Azzam then left the scene and Hajir called 911. In her 911 call, Hajir reported she and her husband were talking when he began shouting then struck her on her head with his hand.

Following his arrest pursuant to a warrant, the State charged Azzam by information with assault causing bodily injury to a family member. At trial, in addition to Hajir's testimony recounted above, the State presented a recording of the 911 call and photographs of Hajir's injuries, which she testified she sustained during the second assault. The State also presented testimony from Officer Daniel Rodriguez of the El Paso Police Department, who described that he and his partner had responded to a disturbance call to the parking lot of a local business. At the scene, Officer Rodriguez and his partner met with Hajir, who had two children with her at the time. Officer Rodriguez took some photos and video testimony from her. Afterwards, they went to the nearby regional command center to allow Hajir some privacy to check for additional injuries with the assistance of a female officer. Based on their determination of having sufficient probable cause, Officer Rodriguez and his partner sought a warrant for the arrest of Azzam. Thereafter, on cross-examination, Officer Rodriguez testified that (1) he was unable to find any witnesses to the assault; (2) Hajir did not make a report of any events occurring in the first parking lot or having been punched or kicked in the second parking lot, and (3) although he could have expected to see minimal bleeding as a result of the scratches on Hajir's face, he did not see any bleeding on her person after responding to her call. Responding to the charge, the defense presented its theory that

2

Hajir was not credible, pointing to inconsistencies between her statements made during the 911 call, her on-scene statements to Officer Rodriguez, and her trial testimony, as well as the fact that there were no other witnesses to the alleged offense despite the area being normally populated with pedestrians and traffic. Defense counsel argued that Hajir's injuries were inconsistent with her account of the events. Counsel asserted she had fabricated her testimony because she was unhappy in her marriage due to Azzam's unemployment.

The jury found Azzam guilty of the charged offense, and the trial court pronounced Azzam's punishment as "credit for time-served" giving him credit for the time he was incarcerated prior to trial. This appeal follows.

## DISCUSSION

In one issue, Azzam argues that the evidence is legally insufficient to support his conviction. In a legal sufficiency challenge, we determine whether, viewing all evidence in the light most favorable to the jury's verdict, any rational jury could have found the essential elements of the charged offense beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Evidence may be legally insufficient when the record "contains either no evidence of an essential element, merely a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt." *Id*. (quoting *Britain v. State,* 412 S.W.3d 518, 520 (Tex. Crim. App. 2013) (citation omitted)). We may not re-weigh evidence or substitute our judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Further, we presume that the jury resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that determination because the jurors are the exclusive judges of the facts, the

3

credibility of the witnesses, and the weight to be given to their testimony. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

A person commits assault causing bodily injury to a family member if he or she intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. TEX. PENAL CODE ANN. § 22.01(a)(1). Bodily injury may be established by the victim's testimony that he or she felt pain as a result of the injury, and visible evidence of the injury is not necessary to establish this element of the offense. *See Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *see also State v. Vigil,* No. 08-13-00273-CR, 2015 WL 2353507, at *4 (Tex. App.—El Paso May 15, 2015, pet. ref'd) (not designated for publication) (citing TEX. PENAL CODE ANN. § 1.07(a)(8)). Further, a victim's testimony alone may constitute sufficient evidence to support a conviction for an assaultive offense, and the jury is free to draw reasonable inferences from the evidence, including the inference that the victim suffered pain as a result of the assault. *See Laster*, 275 S.W.3d 523–24; *Vigil*, 2015 WL 2353507, at *4.

On appeal, Azzam argues that the evidence is legally insufficient to support his conviction because Hajir's testimony was inconsistent with her statements made to the 911 operator and the responding officer, rendering her version of the events not credible and implausible. Azzam argues that Hajir's testimony recounted a more egregious assault than the statements she gave to law enforcement at the scene, suggesting that her claims were fabricated and not credible. Azzam also argues that Hajir's testimony was motivated by a desire to rid herself of Azzam, who was not contributing financially to the household. Azzam also repeats the argument he advanced during trial claiming the area where the offense took place was heavily traveled, and it was therefore

4

unlikely that nobody saw the assault. Finally, Azzam contends that Officer Rodriguez's testimony did not establish that Hajir's children were crying or upset, or that Hajir was bleeding from the assault.

Notwithstanding Azzam's arguments on appeal, we hold that the evidence supporting the conviction is legally sufficient. Here, the State presented photographs of Hajir's injuries, which showed marks and scratches on her nose and forehead, as well as a bruise on her arm. The State also presented Hajir's statements made during the 911 call that Azzam had struck her on the head, as well as her trial testimony that Azzam struck her with his hand during the first assault and then threw her to the ground and kicked her during the second assault. She testified that these actions all caused her pain. Because the jury was free to believe or disbelieve this testimony, we decline to substitute our judgment for that of the jury's. *See Williams*, 235 S.W.3d at 750. Since we likewise presume that the jury resolved any conflicting inferences from the evidence in favor of the verdict, we disagree with Azzam's contention that the evidence supporting the conviction was legally insufficient due to (1) any purported inconsistencies in Hajir's testimony, (2) the fact that she did not report to the responding officers that her injuries caused bleeding, or (3) the fact that there were no witnesses to the assault who were located by the officers. *See Merritt*, 368 S.W.3d at 525–26; *Brooks*, 323 S.W.3d at 899.

Since the evidence established that Azzam intentionally caused bodily injury to Hajir, his spouse, we hold that Azzam's conviction for assault causing bodily injury to a family member is supported by legally sufficient evidence. *See* TEX. PENAL CODE ANN. § 22.01(a)(1); *see also Queeman*, 520 S.W.3d at 622 (citing *Jackson*, 443 U.S. at 318–19); *Laster*, 275 S.W.3d at 523–24 (victim's testimony that she felt pain was sufficient evidence to prove bodily injury); *Vigil*, 2015

5

WL 2353507, at *4–5 (victim's testimony that defendant struck her head and caused her pain constituted legally sufficient evidence to support conviction for assault, even in the absence of visible evidence of bodily injury). Azzam's sole issue is overruled.

## CONCLUSION

Having overruled Azzam's sole issue, we affirm the judgment of the trial court.

GINA M. PALAFOX, Justice

February 6, 2019

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)